**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

SELECTIVE INSURANCE COMPANY OF AMERICA,
40 Wantage Avenue
Branchville, NJ 07890-0001

Plaintiff,

v.

GUIDO AQUINO ROCHA
1409 Eastern Avenue
Capitol Heights, MD 20743

And

J&G FLOORING TILE LLC
5216 Addison Road
Capitol Heights MD 20743

Registered Agent: Guido Aquino Rocha
5216 Addison Road
Capitol Heights MD 20743

Defendants.

Civil Action No. _________

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, SELECTIVE INSURANCE COMPANY OF AMERICA ("Selective"), by and through its undersigned counsel Christopher C. Dahl and Michael A. Brown, and Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., hereby files suit against Defendants, GUIDO AQUINO ROCHA and J&G FLOORING TILE, LLC, and as and for its Complaint, respectfully states as follows:

## NATURE OF THE ACTION

1. This is an action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, seeking a judicial declaration concerning coverage under an insurance policy issued by Selective for an automobile accident that occurred on November 18, 2025 in Falls Church, Virginia (the "Accident"), and a lawsuit that was filed as a result of the Accident.

2. Selective issued a policy of insurance to Defendant J&G Flooring Tile, LLC ("J&G") bearing policy number S2705734 (the "Policy"), with a policy period of July 15, 2025 to July 15, 2026. A certified copy of the Policy is attached hereto and incorporated herein as **Exhibit A**.

3. The Policy is a commercial package policy that includes a Commercial Automobile Coverage Part and a Commercial Umbrella Coverage Part. The Commercial Automobile Coverage Part includes Covered Autos Liability Coverage of $1,000,000 per accident on a combined single-limit basis. The Commercial Umbrella Coverage Part provides excess liability coverage of $1,000,000 per occurrence and in the aggregate. *See* **Exhibit A.**

4. Defendant Guido Aquino Rocha ("Rocha") has sought coverage under Selective's Policy for the Accident. Rocha notified Selective of the Accident on January 21, 2026 via telephone call and requested that Selective handle an insurance claim under the Policy with respect to the Accident. A true and accurate copy of the Notice of Loss form memorializing that discussion is attached hereto and incorporated herein by reference as **Exhibit B**.

5. By letter dated January 22, 2026, Selective informed J&G that the Policy's Commercial Automobile Coverage Part did not provide coverage for this Accident. A true and accurate copy of the aforesaid letter is attached hereto and incorporated herein by reference as **Exhibit C**.

6. By letter dated July 13, 2026, Selective informed Rocha that the Policy's Commercial Automobile Coverage Part did not provide coverage for this Accident. A true and accurate copy of the aforesaid letter is attached hereto and incorporated herein by reference as **Exhibit D**.

7. Thereafter, Selective received a copy of a lawsuit filed by non-party Nicholas Clark ("Clark") against Rocha in the Circuit Court for Arlington County, Virginia styled *Nicholas Clark v. Guido Aquino Rocha*, Case No. CL26-2329 (the "Underlying Action"). A copy of the Complaint in the Underlying Action is attached hereto and incorporated herein by reference as **Exhibit E.** Clark is a third-party claimant and is not a party to this action; Selective seeks a declaration only as to its rights and obligations under the Policy as between Selective, Rocha, and J&G.

8. By letter dated July 22, 2026, counsel for Clark in the Underlying Action sent a copy of the Complaint in the Underlying Action to Selective, asking that Selective forward it to the attorney assigned to represent Rocha. A copy of this letter is attached hereto and incorporated herein by reference as **Exhibit F**.

9. An actual, present, and justiciable controversy exists among Selective, Rocha, and J&G concerning the parties' respective rights and obligations under Selective's Policy with respect to the Accident, including whether Selective owes a duty to defend or indemnify Rocha in connection with the Accident and the Underlying Action. Further, the coverage issues presented in this action are separate and distinct from the liability issues in the Underlying Action and can be resolved without determining the merits of the claims asserted therein.

## PARTIES, JURISDICTION, AND VENUE

10. Selective is an insurance company organized under the laws of the State of New Jersey with its principal place of business in New Jersey. For purposes of diversity jurisdiction, Selective is a citizen of New Jersey.

11. Defendant, Guido Aquino Rocha ("Rocha"), is an individual over the age of 18 who, upon information and belief, is domiciled and residing in Prince George's County, Maryland. For purposes of diversity jurisdiction, Rocha is a citizen of Maryland.

12. Upon information and belief, Defendant J&G is a limited liability company organized under the laws of the State of Maryland with its principal place of business in Prince George's County, Maryland. Upon information and belief, Rocha is the sole member of J&G. For purposes of diversity jurisdiction, J&G is a citizen of Maryland.

13. In the Underlying Action, Clark seeks damages against Rocha exceeding $25 million. *See* **Exhibit E**.

14. As noted above, the Selective Policy has limits of $1,000,000 for covered autos liability coverage and $1,000,000 for commercial umbrella liability coverage. *See* **Exhibit A.**

15. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §1332(a).

16. This Court has the authority and jurisdiction to declare the parties' rights and obligations as requested herein pursuant to 28 U.S.C. §§2201 and 2202.

17. This Court has personal jurisdiction over Defendants because Rocha is domiciled in Maryland; because J&G is organized under Maryland law and maintains its principal place of business in Maryland, and its sole member is domiciled in Maryland; and because J&G regularly conducts business in Maryland.

18. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) because the Defendants reside in this judicial district. Venue is further proper under 28 U.S.C. §1391(b)(2) because Selective delivered the insurance policy at issue to J&G in this judicial district, and because a substantial part of the events giving rise to the instant controversy concerning insurance coverage for the Accident and Underlying Action occurred in this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### I. The Accident.

19. The Accident occurred in the 800 block of South Washington Street at or near its intersection with West Greenway Boulevard in the City of Falls Church, Virginia.

20. According to the Police Crash Report of the Accident (copy attached hereto and incorporated herein by reference as **Exhibit G**), Rocha was driving a 2018 Ford Transit Van, whose vehicle identification number ends in -6076.

21. According to the Police Crash Report, and upon information and belief, the Ford Transit van was owned by Kevin James Cordova Castellon ("Castellon") and insured by Allstate.

22. According to the Police Crash Report, Rocha was traveling northbound on South Washington Street and, while making a left turn onto West Greenway Boulevard, made contact with a motorcycle traveling southbound on South Washington Street operated by Clark, who was ejected from the motorcycle. *Id.*

23. The Underlying Action alleges that Clark sustained life-altering injuries requiring life-saving procedures and other medical treatment. Clark seeks damages of $25,350,000. *See* **Exhibit E**.

24. The Underlying Action alleges that Rocha operated the Ford Transit van negligently, recklessly and willfully in various respects, and was negligent per se for violating various provisions of the Code of Virginia. *Id.*

25. The Ford Transit van involved in the Accident was not scheduled on the declarations of the Selective Policy's Business Auto Coverage Form that was in force on the date of the Accident. *See* **Exhibit A.**

26. Upon information and belief, Allstate insures the Ford Transit van and is providing a defense to Rocha in the Underlying Action.

27. Upon information and belief, Castellon, the owner of the Ford Transit van, is Rocha's brother-in-law.

28. Upon information and belief, Castellon allowed Rocha to borrow the Ford Transit van on the day the Accident happened because Rocha could not find his car keys.

29. Upon information and belief, Rocha was borrowing the Ford Transit van to drive to Virginia to visit his daughter.

30. Upon information and belief, at the time of the Accident, Rocha was driving his daughter to a 7-Eleven convenience store to buy something.

31. Upon information and belief, at the time of the Accident, Rocha was making a left turn to go into a 7-Eleven for the aforementioned purpose of taking his daughter to buy something.

32. Upon information and belief, Rocha is the owner of J&G.

33. Upon information and belief, the Ford Transit van Rocha was driving at the time of the Accident is not a work-related vehicle.

34. Upon information and belief, the Ford Transit van Rocha was driving at the time of the Accident was not hired, owned, borrowed, or leased by J&G.

35. Upon information and belief, Rocha was using the Ford Transit van at the time of the accident for personal purposes of himself and/or his daughter while he was visiting her.

36. Upon information and belief, at the time of the Accident, Rocha was not driving the Ford Transit van for any reason connected with J&G's business.

## II. The Selective Policy.

### a. The Policy's Commercial Automobile Coverage Part.

37. The Policy's Business Automobile Coverage Declaration within the Commercial Automobile Coverage Part provides a Schedule of Coverages and Covered Autos, which states in pertinent part (*see* **Exhibit A)**:

SELECTIVE INSURANCE COMPANY OF AMERICA

| Previous Policy Number | Policy Number |
|---|---|
| NEW | S 2705734 |

## BUSINESS AUTOMOBILE COVERAGE DECLARATION

| | |
|---|---|
| **Policy Effective Date:** July 15, 2025 | **Coverage Effective Date:** JULY 15, 2025 |
| **Business of Named Insured:** CONTRACTORS | |

In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this Policy.

**ITEM TWO – SCHEDULE OF COVERAGES AND COVERED AUTOS.**
This Policy provides only those coverages where a charge and limit, if applicable, are shown in the columns below. Each of the "auto"-related coverages will apply only to those "autos" shown as covered "autos." "Autos" are shown as covered "autos" for the applicable coverages by the entry of one or more of the symbols from the Covered Autos section of the Business Auto Coverage Form next to the name of the "auto"-related coverage.

THIS POLICY MAY BE SUBJECT TO FINAL AUDIT.

**Coverage Schedule**

| Coverages | Covered Autos Symbols | Limit Or Deductible | Premium |
|---|---|---|---|
| Covered Autos Liability | 7,8,9 | Each "Accident" $1,000,000 CSL | [redacted] |
| Personal Injury Protection (Or Equivalent No-fault Coverage) | 7 | Separately stated in Each P.I.P. Endorsement Minus Deductible | |
| Added Personal Injury Protection (Or Equivalent Added No-fault Coverage) | | Separately stated in Each Added P.I.P. Endorsement | |
| Auto Medical Payments | 7 | Each Insured<br>See ITEM TWO For Covered "Autos" Insured On A Specified Car Basis | |
| Uninsured Motorists | 7 | $1,000,000 CSL | |
| Underinsured Motorists (When Not Included In Uninsured Motorists Coverage) | | | |
| Physical Damage - Comprehensive Coverage | 7 | Deductible shown on the Auto Schedule for Each Covered Auto.<br>(A maximum deductible may also apply. Refer to Coverage Form for details.) | |
| Physical Damage - Specified Causes Of Loss Coverage | 7 | Deductible shown on the Auto Schedule for Each Covered Auto.<br>(A maximum deductible may also apply. Refer to Coverage Form for details.) | |
| Physical Damage – Collision Coverage | 7 | Deductible shown on the Auto Schedule for Each Covered Auto. | |
| Physical Damage Towing and Labor Coverage | | Limit For Each Disablement of a Private Passenger "Auto", Light or Medium Truck shown on the Auto Schedule for Each Covered Auto. | |
| Hired Auto and Non-Owned Auto Coverage Premium for Endorsement | | | |

***

| Previous Policy Number | Policy Number |
|---|---|
| NEW | S 2705734 |

**BUSINESS AUTOMOBILE COVERAGE DECLARATION— (Continued)**

| Policy Effective Date: July 15, 2025 | Coverage Effective Date: JULY 15, 2025 |
|---|---|

ITEM TWO (continued) - Schedule of Coverages And Covered Autos

AUTO SCHEDULE

| Covered Auto No. | Trade Name | Year | Body Type | Vehicle ID, No. (VIN) | Size Class GVWR | Use / Class/ Radius Code | List Symbol | Purchased | | Original Cost New |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Year | New/Used | |
| MD 1 | VLVO | 04 | XC90 | YV1CZ91H441067996 | | 739100 | | | | [redacted] |

| No. | Terr. | Liability Premium | P.I.P. or F.P.B. | Add P.I.P. or F.P.B. | Un & Uim Motorists Premium | Auto Medical Payments | | Towing and Labor | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Limit Each Insured | Premium | Limit | Premium |
| MD 1 | 112 | [redacted] | | | [redacted] | $5,000 | | | |
| Totals | | [redacted] | | | | | | | |

38. The Covered Autos Liability coverage is provided under the Business Auto Coverage Form CA 00 01 11 20, which contains the following terms and provisions applicable to the Covered Autos Liability coverage (*see* **Exhibit A**):

> *Throughout this Policy, the words "you" and "your" refer to the Named Insured shown in the Declarations.*
>
> ***
>
> ***SECTION I – COVERED AUTOS***
>
> *Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".*

### *A. Description of Covered Auto Designation*

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 1 | Any "Auto" | |
| 2 | Owned "Autos" Only | Only those "autos" you own (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the Policy begins. |
| 3 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the Policy begins. |
| 4 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the Policy begins. |
| 5 | Owned "Autos" Subject To No-fault | Only those "autos" you own that are required to have no-fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the Policy begins provided they are required to have no-fault benefits in the state where they are licensed or principally garaged. |
| 6 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the Policy begins provided they are subject to the same state uninsured motorists requirement. |
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 9 | Non-owned "Autos" only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households but only while used in your business or your personal affairs. |

* * * *

## *SECTION II – COVERED AUTOS LIABILITY COVERAGE*

### *A. Coverage*

*We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."*

******

*We have the right and duty to defend any "insured" against a "suit" asking for such damages....However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage"...to which this insurance does not apply.*

**a. The Policy's Commercial Umbrella Coverage Part.**

39. The Policy's Declarations for the Commercial Umbrella Liability Coverage Part contains a Schedule of Underlying Insurance and Limits, which lists the Policy's Commercial Automobile Coverage Part as the underlying automobile liability policy. *See* **Exhibit A**.

40. The Commercial Umbrella Coverage Part's coverage is written on the Commercial Umbrella Liability Coverage Form CXL 04 03, which states in pertinent part (*see* **Exhibit A)**:

> Throughout this Coverage Part the words "you" and "your" refer to the Named Insured shown in the Declarations and any other person or organization qualifying as a Named Insured under this Coverage Part . . . .
>
> The word "insured" means any person or organization qualifying as such under **SECTION II – WHO IS AN INSURED.**
>
> ***
>
> **SECTION I – COVERAGES**
>
> **A. Insuring Agreement**
>
> We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies[.]
>
> ***
>
> **SECTION II – WHO IS AN INSURED**
>
> ***
>
> **B.** Only with respect to liability arising out of the ownership, maintenance, or use of "covered autos":
>
> ***
>
> 2. Anyone else while using with your permission a "covered auto" you own, hire or borrow is also insured[.]
>
> ***
>
> **SECTION V – DEFINITIONS**
>
> ***

> **2.** “Auto” means a land motor vehicle, trailer or semi-trailer designed for travel on public roads[.]
>
> ***
>
> **5.** “Covered auto” means only those “autos” to which “underlying insurance” applies.
>
> ***
>
> **24.** “Underlying insurance” means any policies of insurance listed in the Declarations under the section titled Schedule of Underlying Insurance and Limits.

41. The Commercial Umbrella Coverage Part is further endorsed with an Auto Liability Limitation endorsement (Form CXL 103 10 19), which states in pertinent part (*see* **Exhibit A**):

> Paragraph **11. Auto Coverages** under **Section I, B. Exclusions** is deleted in its entirety and replaced by the following:
>
> This insurance does not apply to:
>
> **11. Auto Coverages**
>
> ***
>
> b. Any other “bodily injury”, “property damage” or “personal and advertising injury” arising out of the ownership, maintenance, operation, use, “loading or unloading” or entrustment to others of any “auto.”
>
> Paragraph **b.** of this exclusion does not apply to the extent that coverage is provided for the insured by “underlying insurance.”

**<u>COUNT ONE</u>**

**(Demnify Rocha Under The Policy’s Commercial Automobile Coverage Part)**

42. Selective repeats and realleges Paragraphs 1 through 41 as if fully set forth herein.

43. The Policy’s Commercial Automobile Coverage Part’s Declarations Page shows that J&G purchased liability insurance for “covered autos” under Symbols 7, 8, and 9. *See* **Exhibit A.**

44. Symbol 7 applies to “Specifically Described Autos,” which are autos that are listed on the Declarations Page for which a premium is charged.

45. The only vehicle identified on the auto schedule of the Declaration Page is a 2004 Volvo XC90.

46. The 2018 Ford Transit van is not identified as a covered auto on the Business Auto Declarations' auto schedule, nor was any premium charged for that vehicle.

47. Symbol 8 applies to "Hired Autos Only," which are autos that "you" (the named insured) lease, hire, rent or borrow.

48. The named insured, J&G, did not lease, hire, rent or borrow the 2018 Ford Transit van at the time of the Accident.

49. Rather, Rocha borrowed the 2018 Ford Transit van for his own personal purposes of visiting his daughter in Virginia.

50. Symbol 9 applies to "Non-owned Autos Only," which are autos that "you" (J&G) do not own, lease, hire, rent or borrow, and that are used in connection with "your" (J&G's) business.

51. At the time of the Accident, Rocha was not operating the 2018 Ford Transit van in connection with J&G's business. The Complaint in the Underlying Action contains no allegation that Rocha was acting within the course and scope of his employment for J&G, performing work on behalf of J&G, or otherwise using the Ford Transit van in connection with J&G's business.

52. The 2018 Ford Transit van that Rocha was operating at the time of the Accident does not qualify as a "covered auto" under Symbols 7, 8, or 9.

53. Defendants contend that Selective is obligated to provide coverage to Rocha for the Accident and Underlying Action under the Policy's Commercial Automobile Coverage Part.

54. Selective contends there is no coverage for the Accident or the Underlying Action under the Policy's Commercial Automobile Coverage Part's Covered Autos Liability Coverage,

because the 2018 Ford Transit van did not qualify as a "covered auto" under Symbols 7, 8 or 9 of the Policy's Commercial Automobile Coverage Part. For that reason, the Accident and the Underlying Action do not fall within the relevant liability insuring agreement of the Policy's Commercial Automobile Coverage Part as a payable loss because they do not involve the ownership, maintenance, or use of a "covered auto" as required by the insuring agreement.

55. An actual and justiciable controversy exists between Selective and Defendants concerning their respective rights and obligations under the Policy's Commercial Automobile Coverage Part.

56. Selective is entitled to a judicial declaration that it does not have a duty to defend or to indemnify Rocha with respect to the Accident or the Underlying Action under the Policy's Commercial Automobile Coverage Part.

## COUNT TWO

**(Declaratory Judgment – No Duty to Defend or Indemnify Rocha Under The Policy's Commercial Umbrella Coverage Part)**

57. Selective repeats and realleges Paragraphs 1 through 56 as if fully set forth herein.

58. With respect to liability arising out of the ownership, maintenance, and use of "covered autos" as defined in the Commercial Umbrella Coverage Part, a permissive user of a "covered auto" that J&G owns, hires, or borrows is an "insured" under that Coverage Part.

59. At the time of the Accident, Rocha was not a permissive user of a "covered auto" that J&G owned, hired, or borrowed.

60. Therefore, Rocha is not an "insured" under the Commercial Umbrella Coverage Part with respect to the Accident; and as to him, the Accident and the Underlying Action do not fall within the Commercial Umbrella Coverage Part's insuring agreement as a payable loss.

61. Further, the Auto Liability Limitation endorsement to the Commercial Umbrella Coverage Part provides that the insurance provided in said Coverage Part does not apply to "bodily injury" arising out of the ownership, maintenance, operation, use, loading or unloading, or entrustment to others, of any "auto" as defined in said Coverage Part, unless coverage is provided by "underlying insurance" as defined in said Coverage Part.

62. The Commercial Automobile Coverage Part is the only "underlying insurance" as defined that is shown on the Commercial Umbrella Coverage Part's declarations as underlying insurance for auto liability coverage.

63. For the reasons set forth in Count One, the Commercial Automobile Coverage Part does not cover the Accident or the Underlying Action.

64. Thus, for purposes of said Auto Liability Limitation Endorsement, there is no "underlying insurance" that provides coverage for the Accident or the Underlying Action for the reasons set forth in Count One, and the exclusion contained in the Auto Liability Limitation Endorsement bars coverage for the Accident and the Underlying Lawsuit.

65. An actual and justiciable controversy exists between Selective and Defendants concerning their respective rights and obligations under the Policy's Commercial Umbrella Coverage Part.

66. Defendants contend Selective is obligated to provide coverage for the Accident and Underlying Action under the Policy's Commercial Umbrella Coverage Part.

67. Selective contends there is no coverage under the Commercial Umbrella Coverage Part for the reasons stated above.

68. Selective is entitled to a judicial declaration that it does not have a duty to defend or to indemnify Rocha for the Accident or the Underlying Action under the Policy's Commercial Umbrella Coverage Part.

## PRAYER FOR RELIEF

WHEREFORE, pursuant to 28 U.S.C. §§2201 and 2202, Selective respectfully prays for the following relief:

(1) As for Count One, a declaration that Selective has no duty to defend or to indemnify Rocha under the Policy's Commercial Automobile Coverage Part;

(2) As for Count Two, a declaration that Selective has no duty to defend or to indemnify Rocha under the Policy's Commercial Umbrella Coverage Part;

(3) Such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*/s/ Christopher C. Dahl*

Christopher C. Dahl (Bar No. 29649)
Michael A. Brown (Bar No. 20814)
BAKER, DONELSON, BEARMAN, CALDWELL, & BERKOWITZ, PC
100 Light Street, 34th Floor
Baltimore, MD 21202
Telephone: (410) 862-1134
Email: cdahl@bakerdonelson.com
Email: mbrown@bakerdonelson.com

*Counsel for Plaintiff*